

**U.S. Department of Justice**

*Acting United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700    (973) 645-2700
Newark, New Jersey  07102

August __, 2025

Robert Stahl, Esq.
Stahl Gasiorowski P.C.
53 Cardinal Drive, 3rd Floor
Westfield, NJ 07090

        Re:  <u>Plea Agreement with George Clark</u>

Dear Mr. Stahl:

        This letter sets forth the plea agreement between the Acting United States Attorney for the District of New Jersey and the U.S. Department of Justice, Tax Division (collectively, the "Prosecuting Offices"), and your client, George Clark ("Clark"). The Prosecuting Offices' offer to enter into this plea agreement will expire on **August___ 2025 at 12:00 p.m.,** if it is not accepted in writing by that time. If Clark does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Prosecuting Offices' investigation.

<u>Charge</u>

        Conditioned on the understandings specified below, the Prosecuting Offices will accept a guilty plea to a one-count Information, which charges Clark with tax evasion for the years 2018 through 2022, in violation of 26 U.S.C. § 7201. If Clark enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Prosecuting Offices: (1) will not initiate any further criminal charges against Clark for tax offenses relating to this matter and arising out of tax years 2016 to 2022; and (2) will not initiate any further criminal charges for conspiracy offenses arising out of his business relationship with Michael Sprofera.

        But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Prosecuting Offices may reinstate any dismissed charges and initiate any other charges against Clark even if the applicable statute of

limitations period for those charges expires after Clark signs this agreement, and Clark agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 26 U.S.C. § 7201 charged in Count One of the Information to which Clark agrees to plead guilty carries a statutory maximum prison sentence of 5 years imprisonment and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Clark is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Prosecuting Offices cannot and do not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Clark ultimately will receive.

Further, in addition to imposing any other penalty on Clark, the sentencing judge as part of the sentence:

(1) will order Clark to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Clark to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Clark to pay the costs of prosecution; and

(4) pursuant to 18 U.S.C. § 3583, may require Clark to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Clark be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Clark may be sentenced to not more than 3 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Clark agrees to pay restitution to the Internal Revenue Service in the total amount of $370,396, pursuant to 18 U.S.C. § 3663(a)(3).

Clark agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct.

The total amount of restitution consists of the $370,396 in individual income taxes for the years 2016 through 2022, as follows:

| Year | Cashed Checks | Unreported Income | Tax Loss |
|---|---|---|---|
| 2016 | $ 410,527.13 | $ 378,552.92 | $ 131,573.00 |
| 2017 | $ 191,698.00 | $ 168,901.09 | $ 53,024.00 |
| 2018 | $ 234,175.25 | $ 179,928.73 | $ 43,436.00 |
| 2019 | $ 189,644.77 | $ 173,103.96 | $ 41,807.00 |
| 2020 | $ 230,048.75 | $ 193,262.37 | $ 45,224.00 |
| 2021 | $ 186,503.91 | $ 169,195.01 | $ 45,338.00 |
| 2022 | $ 40,777.90 | $ 34,066.17 | $ 9,994.00 |
| Total | $ 1,483,375.71 | $ 1,297,010.25 | $ 370,396.00 |

Clark agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

Clark agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Clark agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Clark does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Clark's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Clark is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Clark understands and agrees that the plea agreement does not resolve his civil tax liabilities, that the IRS may seek

additional taxes, interest and penalties from Clark relating to the conduct covered by this plea agreement and for conduct relating to another period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Clark's obligation to pay any remaining civil tax liability. Clark authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Clark understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, Clark agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS all additional financial information and financial statements provided to the probation office. Clark also agrees to provide the above-described information to the probation office.

If Clark makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

Clark agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

Martin Luther King Building & Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Clark will provide the following information:

A. Clark's name and Social Security number;
B. The District Court and the docket number assigned to this case;
C. Tax years or periods for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Clark agrees to include a request that the Clerk of the Court send the information, along with his payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Clark also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

### Federal Tax Form 870 Waiver

Prior to the date of sentencing, Clark shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2016 to 2022; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States.

Clark agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Clark. With respect to disclosure of the criminal file to the IRS, Clark waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Clark's tax returns and return information.

Furthermore, Clark agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2016 to 2022 or for any other amounts paid in accordance with this agreement. Clark agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

### Rights of The Prosecuting Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Prosecuting Offices reserve the right to take any position with respect to the appropriate sentence to be imposed on Clark by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Prosecuting Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Clark's activities and relevant conduct with respect to this case.

## Stipulations

The Prosecuting Offices and Clark will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Prosecuting Offices is based on the information and evidence that the Prosecuting Offices possess as of the date of this agreement. Thus, if the Prosecuting Offices obtain or receive additional evidence or information prior to sentencing that they believe materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Prosecuting Offices. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Prosecuting Offices and Clark waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Clark understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Clark understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Clark wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Clark understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly,

Clark waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the Prosecuting Offices and cannot bind other federal, state, or local authorities. However, the Prosecuting Offices will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Clark. This agreement does not prohibit the United States, any agency thereof (including the IRS) or any third party from initiating or prosecuting any civil or administrative proceeding against Clark.

No provision of this agreement shall preclude Clark from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Clark received constitutionally ineffective assistance of counsel.

o Other Promises

This agreement constitutes the plea agreement between Clark and the Prosecuting Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Todd W. Blanche
UNITED STATES DEPUTY ATTORNEY GENERAL

Alina Habba
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

*Fatime Meka Cano*

By:  Fatime Meka Cano
     Assistant U.S. Attorney

*Christopher P. O'Donnell*

By:  Christopher P. O'Donnell
     Trial Attorney
     Tax Division
     Department of Justice

By:  Richard Kelley
     Trial Attorney
     Tax Division
     Department of Justice

APPROVED:

*Blake Coppotelli*

Blake Coppotelli
Deputy Chief, Economic Crimes Unit

I have received this letter from my attorney, Robert Stahl, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 6/18/2025
George Clark

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 6/19/25
Robert Stahl, Esq.
Counsel for Defendant

- 9 -

<u>Plea Agreement with George Clark ("Clark")</u>

Schedule A

1. The Prosecuting Offices and Clark recognize that the United States Sentencing Guidelines are not binding upon the Court. The Prosecuting Offices and Clark nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2023 applies in this case.

3. The applicable guideline is U.S.S.G. § 2T1.1, which directs the application of § 2T4.1. U.S.S.G. § 2T1.1(a)(1). The Base Offense Level is 18 because the tax loss is more than $250,000 but not more than $550,000. U.S.S.G. § 2T4.1(I).

4. The resulting offense level is 18.

5. As of the date of this letter, Clark has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Clark's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, it is expected that Clark will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Prosecuting Offices to avoid preparing for trial and permitting the Prosecuting Offices and the court to allocate their resources efficiently. At sentencing, the Prosecuting Offices will move for a further 1-point reduction in Clark's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Clark enters a plea pursuant to this agreement, (b) the Prosecuting Offices in their discretion determine that Clark's acceptance of responsibility has continued through the date of sentencing and Clark therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Clark's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 15 or greater.

7. If Clark establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 13; otherwise, Clark's total Guidelines offense level will be 15 (the "Total Offense Level").

8. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total

Offense Level that applies after the sentencing judge resolves the open Guidelines issue noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Clark will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 18 months, the Prosecuting Offices will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).